1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8
9   DEWAYNE TATUM,                        )
                                          )
10              Petitioner,               )       3:13-cv-00640-LRH-WGC
                                          )
11   vs.                                  )       **ORDER**
                                          )
12   ISIDRO BACA, *et al.*,               )
                                          )
13              Respondents.              )
    _____/

14

15      This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

16   Petitioner has been released from the custody of the Nevada Department of Corrections.

17      Petitioner has filed a motion to proceed *in forma pauperis*.  (ECF No. 1).  Because the Court

18   dismisses this action for failure to state a cognizable habeas corpus claim, the motion to proceed *in*

19   *forma pauperis* is denied as moot.

20      Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

21   of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears

22   from the face of the petition . . . that the petitioner is not entitled to relief in the district court."  Rule

23   4 of the Rules Governing  2254 Cases; *see also, Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

24      A federal court may only grant a petition for writ of habeas corpus if the petitioner can show

25   that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  Federal habeas

26   corpus law permits prisoners to challenge the validity of convictions under which they are "in

27   custody."  *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923 (1989) (*per*

28   *curiam*).  A habeas petitioner is not "in custody" under a conviction after the sentence imposed for it

1  has fully expired.  Petitioner is no longer in the custody of the Nevada Department of Corrections as

2  his sentence has expired.  Petitioner's allegations appear to concern a due process claim stemming

3  from the adjudication of a prison disciplinary hearing.  Plaintiff seeks monetary relief.  Petitioner's

4  claims are not appropriate for habeas corpus relief.  Challenges to the conditions of confinement are

5  more appropriately raised in civil rights action filed pursuant to  42 U.S.C. § 1983.  *See Badea v.*

6  *Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *Crawford v. Bell*, 599 F.2d at 891-92 (9th Cir. 1979).

7        **IT IS THEREFORE ORDERED** that petitioner's motion to proceed *in forma pauperis*

8  (ECF No. 1) is **DENIED AS MOOT**.

9        **IT IS FURTHER ORDERED** that the petition is **DISMISSED WITH PREJUDICE.**

10       **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

11       Dated this 3rd day of February, 2014.

12

13

14       _____

15       LARRY R. HICKS
         UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28                                      2